Judge Roane
pronounced the following opinion of the Court, consisting of Judges Roane, Brooke, and Cabell.
“ The court is of opinion, that, under the will of Martin Shobe, in the proceedings mentioned, the appellees were entitled to one fifth part of two thirds of the estate of the said Marlin Shobe, (exclusive of his lands,) with interest thereupon from the end of one year from the death of the said testator ; as also to one fifth part of the remaining third of the same estate, (which was bequeathed to the wife of the said Martin Shobe,) from and after the time of her death, with interest thereupon, in like manner, from the end of the year in which she shall have died ;* that they were also entitled to one fifth part of the value of the testator’s lands devised to his sons Rudolph, Leonard, and Jacob Shobe ; rating the same at the price of sixteen hundred pounds; and holding each of the devisees aforesaid, and those claiming under them, chargeable to the appellees, in the proportion that their several dividends, under the will aforesaid, respectively bear to the said sum of sixteen hundred pounds ; with interest on the respective quotas, from the expiration of one, two, three, and four years from the testator’s death ¡ to the payment of which in aid of the personal responsibility of the said several devisees .and those claiming under them) the lands aforesaid ought to be held severally liable.”
“ The court is further of opinion, that it appears, from the testimony in this cause, that ¡he appellee, Conrad Carr, was equitably entitled to the leasehold land in the proceedings mentioned ; the legal title whereof was not contemplated by the testator in the residuary devise of his; lands to his son, Leonard Shobe, but descended upon his four son?, Leonard, Rudolph, Martin, and Jacob Shobe, and the appellee, Mrs. Carr, or passed to the executors *19 of the said testator, according as tbe interest of that lease might be greater or lesser ; (a fact winch is not disclosed to the court by the present proceedings;) and that the parties aforesaid, respectively, as the case may be, should be decreed to release the legal title aforesaid to the said appellee, Conrad Carr. On this ground, the court, is of opinion that the County Court should have decreed in favour of the appellees, according to the principles above stated, had there been proper and sufficient parties before the court; which this court is of opinion is not the case : both because all the heirs of the testator are not before the court, so as to be decreed, eventually, to release as aforesaid; and because all the other distributees under the will of the said Martin Shobe, are not also parties ; so as to avoid circuity, and make an end of the distribution of the said estate, in, and by one suit or action ; and that the said decrees are erroneous, both because of the want of proper parties as aforesaid, and, also, because the principles, now stated to be correct by this court, have not been observed in and by either of the said decrees.”
Both decrees were therefore reversed, wiih costs; and it was ordered that the cause be remanded to the said Court of Chancery, and from thence to the County Court, to be finally proceeded in, pursuant to the principles of this decree^

 Note. There is no evidence in the record of the death of the widow, who was living March 14fh, 1805, when the commissioners made theirreportf